1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8
9

Karl Douglas Sebastian,

No. CV-13-00602-PHX-JAT (BSB)

10

Petitioner,

**REPORT AND
RECOMMENDATION**

11

v.

12

Charles L. Ryan, et al,

13

Respondents.

14

15    Karl Douglas Sebastian (Petitioner) has filed a timely Amended Petition for Writ
16 of Habeas Corpus raising four grounds for relief.  (Doc. 4.)  Respondents have filed an
17 Answer asserting that Petitioner's claims are procedurally barred from federal habeas
18 corpus review.   (Doc. 9.)   Petitioner has filed a reply in support of his Petition.[1]
19 (Doc. 10.)  For the reasons below, the Petition should be denied.

20 **I.    Procedural Background**

21    **A.    Charges, Trial, and Sentencing**

22    On January 26, 2010, a Maricopa County Grand Jury indicted Petitioner on five
23 counts of sale or transportation of dangerous drugs (methamphetamine), class 2 felonies,
24 five counts of use of wire communication or electronic communication in drug related
25 transactions, class 4 felonies, and one count of possession of drug paraphernalia, a class 6

26

27    [1]  In his Reply, Petitioner suggests that Court should not rely solely on the records
submitted by Respondents, and should obtain additional documents regarding Petitioner's
underlying criminal proceedings in the Maricopa County Superior Court (the trial court).
28 (Doc. 10 at 12.)  The record before the Court is sufficient, and the Court does not require
further documents to resolve this matter.

felony.  (Doc. 9, Ex. A.)  During Petitioner's trial, Mesa Police Detective Rodriguez testified that while working undercover on October 28, 2009, he met Petitioner through a confidential informant.  (Doc. 9, Ex. I at 3; Doc. 9-2 at 32.)[2]  Rodriguez and the informant drove an unmarked vehicle to Plaintiff's residence where Rodriguez observed Petitioner hand the informant "a baggie."  (Doc. 9-2 at 32-33.)  Rodriguez introduced himself to Petitioner as "Danny" and asked if he could call him for "some G [a street term for methamphetamine]."  (*Id.* at 33.)  Petitioner gave Rodriguez his phone number. (*Id.*)

On December 11, 2009, Rodriguez called Petitioner and asked if he could "get a half T [one-sixteenth of an ounce of methamphetamine]" from him.  (*Id.* at 34.) Rodriguez and his supervisor Sergeant Bellows drove to Petitioner's house.  (*Id.* at 35-35.)  Rodriguez wore a transmitting device.  Bellows remained in the back of the vehicle with a radio and monitored the conversation through the transmitting device.  (*Id.* at 36) When Petitioner came outside of his residence, Rodriguez asked if he could "get some half T" from Petitioner.  (*Id.* at 37; Doc. 9, Ex. I at 5.)  Rodriguez gave Petitioner sixty dollars, and Petitioner went around a corner out of Rodriguez's line of sight.  About five minutes later, Petitioner returned with a "baggie containing a clear-colored type substance later determined to be 422 milligrams of methamphetamine."  (Doc. 9, Ex. I at 5.)

On December 16, 22, and 30, 2009, and January 14, 2010, similar transactions occurred.  On each occasion, Rodriguez called Petitioner and asked for a "half T." (Doc. 9-2 at 38-46.)  Each time, Rodriguez went to Petitioner's residence.  While there, Rodriguez would hand Petitioner money, Petitioner would exit the area, and return a few minutes later with a baggie containing a substance later identified as a useable quantity of

---

[2]  Exhibits A-RR to the Government's Limited Answer to Petition for Writ of Habeas Corpus (Doc. 9, Exs. A-RR) are located at dockets 9-1 through 9-3 on CM/ECF. The Court cites the CM/ECF pagination when necessary to provide a pinpoint cite to an exhibit.

1   methamphetamine.   (Doc. 9-2 at 38-46; Doc. 9, Ex. I at 3-6.)   Bellows accompanied

2   Rodriguez on all four occasions, and wore a transmitting device to listen to the

3   transactions.  (Doc. 9-2 at 38-46; Doc. 9, Ex. I at 3-6.)  Rodriguez and Bellows testified

4   that the transmissions of the transactions were not recorded.  (Doc. 9-2 at 50, 56, 88-89.)

5           On October 18, 2010, a jury found Petitioner not guilty of possession of drug

6   paraphernalia, but guilty of the other counts as charged.  (Doc. 9, Ex. B at 4-6.)  The jury

7   also found the aggravating factor that the offenses were "committed in consideration of

8   the receipt, or in the expectation of the receipt, of anything of pecuniary value."  (*Id.* at

9   8.)  On December 9, 2010, the trial court sentenced Petitioner to slightly aggravated,

10  concurrent, twelve-year terms of imprisonment for the five convictions for sale and

11  transportation of dangerous drugs (methamphetamine).   (Doc. 9, Ex. C.)   The court

12  suspended imposition of the sentences for the remaining five convictions for use of wire

13  communication or electronic communication in drug-related transactions, and placed

14  Petitioner on probation for concurrent four-year terms for those convictions, to begin

15  upon his "absolute discharge" from prison.  (Doc. 9, Exs. B, C.)

16          **B.      Direct Appeal**

17          On December 23, 2010, Petitioner filed a timely notice of appeal in the Arizona

18  Court of Appeals.  (Doc. 9, Ex. D.)  Appellate counsel filed a brief pursuant to *Anders v.*

19  *California*, 386 U.S. 738 (1967), and stated that she found "no arguable question of law

20  that is not frivolous," and requested the Arizona Court of Appeals "search the record for

21  fundamental error." (Doc. 9, Ex. E.)  Counsel further stated that Petitioner had suggested

22  several issues for appeal including that: (1) there was "little evidence against him" other

23  than the testimony of the undercover officer; (2) "the officer wore a wire but the

24  transmissions were not recorded"; (3) defense counsel provided "faulty information"

25  upon which Petitioner had based his decision not to testify; and (4) "the state failed to

26  present technological evidence to corroborate the undercover officer's testimony."

27  (Doc. 9, Ex. E at 5.)  Counsel requested that the court grant Petitioner leave to file "a

28

1    supplemental brief in propria persona."  (Doc. 9, Ex. F.)  Although the appellate court

2    granted that request, Petitioner did not file a supplemental brief.[3]  (Doc. 9, Exs. G, I at 2.)

3        On October 18, 2011, the court of appeals issued a memorandum decision that

4    considered the issues raised in the *Anders* brief, searched the record for fundamental

5    error, and finding no error, affirmed Petitioner's convictions and sentences after

6    modifying his presentence incarceration credit.[4]  (Doc. 9, Ex. I.)  Petitioner did not file a

7    petition for review with the Arizona Supreme Court.  (Doc. 9, Ex. N.)

8        **C.    Post-Conviction Proceedings**

9            **1.    First Post-Conviction Proceeding**

10        On November 22, 2011, Petitioner filed a notice of post-conviction relief in the

11    trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  (Doc. 9,

12    Ex. O.)    The trial court appointed counsel who filed a notice stating that after

13    communicating with Petitioner and reviewing the record, she was "unable to discern any

14    colorable claim upon which to base a Petition for Post-Conviction Relief."  (Doc. 9, Exs.

15    P, Q.)  Counsel requested additional time for Petitioner to file a pro per petition, which

16    was granted.  (Doc. 9, Exs. Q, R.)  On March 27, 2012, Petitioner filed a timely petition

17    raising the following four claims: (1) that he was denied "the constitutional right to

18    representation by a competent lawyer at every critical stage of the proceeding" because

19    the state failed "to deliver complete discovery," including the grand jury transcripts, and

20    because trial counsel convinced him not to testify, knew "little about [his] case," and

21    missed the chance to object during Rodriguez's testimony about the confidential

22    informant (Doc. 9, Ex. W, Doc. 9-2 at 7-8); (2) that the state "unconstitutional[ly]"

23    suppressed evidence, including the grand jury transcript, and that there was no evidence

24    supporting Rodriguez's testimony about a methamphetamine transaction between

25

26        [3] Counsel wrote Petitioner a letter informing him that he could file a supplemental brief and enclosed the case record.  (Doc.9, Ex. H.)

27        [4] The trial court gave Petitioner forty-one days of presentence incarceration credit.
28    (Doc. 9, Ex. C at 4.)  After reviewing the record, the appellate court determined Petitioner should have received sixty days of presentence incarceration credit, and modified the sentencing order to reflect the proper amount of credit.  (Doc. 9, Ex. I at 8-10.)

1 Petitioner and a confidential informant, and that transaction is not mentioned in "official
2 police reports" (Doc. 9-2 at 9); (3) that the state engaged in the "[u]nconstitutional
3 use . . . of perjured testimonies" (*Id.* at 10); and (4) "[t]he abridgement of any other right
4 guaranteed by the constitution or the laws of this state, or the constitution of the United
5 States, including a right that was not recognized at the time of the trial if retrospective
6 application of that right is required."  (*Id.* at 13.)  Petitioner also claimed that he was
7 denied his constitutional right to confront his accuser because the confidential informant
8 did not testify.  And he claimed that he "never sold or arranged to sell or acquire any
9 drugs for [Rodriguez] or anyone."  (*Id.* at 15.)  Petitioner attached to his petition his
10 "personal overview and thoughts on which the case is based," excerpts from the grand
11 jury transcript, an excerpt from a police report (the probable cause statement), and
12 excerpts from trial transcripts.  (*Id.* at 16-75.)

13 On June 4, 2012, the trial court denied post-conviction relief.[5]  (Doc. 9, Ex. AA.)
14 The court found that Petitioner's ineffective assistance of counsel claim, identified above
15 as claim one, was "not colorable."  The court also found that Petitioner's remaining
16 claims, identified above as claims two, three and four, were precluded pursuant to Rule
17 32.2.  (*Id.*)

18 On August 22, 2012, Petitioner filed a petition for review in the Arizona Court of
19 Appeals.  (Doc. 9, Ex. BB.)  On August 29, 2012, the court of appeals dismissed the
20 petition as untimely because it was not filed within thirty days of the trial court's denial
21 his first petition for post-conviction relief, as Rules 32.9(c) requires.[6]  (Doc. 9, Ex. CC.)

---

[5]   The trial court's ruling erroneously states that Petitioner was "convicted on 4 counts," however, Petitioner was convicted on ten counts.  (Doc. 9, Ex. AA.)  This error is repeated in two subsequent court rulings, (Doc. 9, Exs. II, KK), but is not material to the issues before the Court.

[6]   The petition for review was signed July 10, 2012, but filed August 22, 2012. (Doc. 9, Ex. BB.)  Even if filed on July 10, 2012, the petition was still untimely because July 10, 2012 is more than thirty days after the trial court's decision denying his petition for post-conviction relief.  *See* Ariz. R. Crim. P. 32.9(c) (establishing a thirty-day deadline for filing a petition for review).  Further, Petitioner did not explain the delay between signing and filing the petition for review.  (Doc. 9, Ex. DD.)

1    Thereafter, Petitioner filed two motions in the court of appeals "to allow a late filing for a

2    new petition for review," and the court denied both motions.  (Doc. 9, Exs. DD-GG.)

3                    **2.     Second Post-Conviction Proceeding**

4            On September 17, 2012, Petitioner filed another petition for post-conviction relief

5    in the trial court arguing "the existence of newly-discovered material which require[s] the

6    trial court to vacate the conviction or sentence" because Petitioner had "learned of several

7    Arizona Rules of Criminal Procedure [that] were ignored at time of trial."[7]   (Doc. 9,

8    Ex. HH at 2.)  Petitioner alleged that the state violated several provisions of the Arizona

9    Rules of Criminal Procedure related to the disclosure of evidence.  (Doc. 9-3 at 40-41.)

10   On September 19, 2012, the trial court dismissed the petition as untimely, and under Rule

11   32.4(a) because it "failed to state a claim for which relief can be granted in an untimely or

12   successive Rule 32 proceeding."[8]  (Doc. 9, Ex. II.)

13                   **3.     Third Post-Conviction Proceeding**

14           On October 12, 2012, Petitioner filed a notice of post-conviction relief claiming

15   that "newly discovered material facts exist which probably would have changed the

16   verdict or sentence" because he had recently realized his "right to due process of law was

17   violated when the state used undisclosed evidence at [his] trial."  (Doc. 9, Ex. JJ at 3.)

18   He further argued that the failure to file a timely notice of post-conviction relief "was

19   without fault on [his] part," that there was "a significant change in law that would

20   probably overturn the conviction or sentence" because "unconstitutional legal principals

21   [sic] were used to gain a conviction," and that "[f]acts exist which establish by clear and

22   convincing evidence that [he] is actually innocent."  (Doc. 9, Ex. JJ at 3.)

---

23

24       [7]  It does not appear that Petitioner filed a notice of post-conviction relief before
     filing his petition.

25       [8]  Petitioner asserts that his second petition for post-conviction relief was timely
26   because it "was delivered to the mail room in the prison on time."  (Doc. 4 at 4.)
     Petitioner signed his second petition for post-conviction relief on September 12, 2012
27   (Doc. 9, Ex. HH), and it was filed with the trial court on September 17, 2012.  (Doc. 9,
     Exs. HH, PP.)  To be timely, his petition for post-conviction relief had to be filed "within
28   thirty days after the issuance of the order and mandate in the direct appeal."  Ariz. R.
     Crim. P. 32.4(a).  The mandate was issued on December 30, 2011.  (Doc. 9, Ex. N.)
     Thus, the second petition for post-conviction relief was untimely by several months.

On October 31, 2012, the trial court dismissed the notice of post-conviction relief as untimely and, citing Rule 32.4(a), found that Petitioner "fail[ed] to state a claim for which relief can be granted in an untimely or successive Rule 32 proceeding."  (Doc. 9, Ex. KK.)  The trial court explained why each claim was precluded under the Arizona Rules of Criminal Procedure.  (*Id.*)  First, it found that Petitioner failed to support his claim of newly discovered evidence with any "facts, affidavits, records, or other evidence" as Rule 32.5 requires.  (*Id.* at 1-2.)  Second, it found that Petitioner failed to support his claim that he was not at fault for the untimely filing of his notice of post-conviction relief with "facts, argument or law," as Rule 32.2(b) requires.  (*Id.* at 2.) Third, the trial court found that Petitioner failed to comply with Rules 32.2(b) and 32.4(a) because he did not support his claim that there was a significant change in the law with "facts, arguments, and law."  (*Id.*)  Fourth, the trial court found Petitioner did not meet his burden under Rule 32.1(h) of alleging "sufficient facts, evidence, or law" to support his claim he was actually innocent.  (*Id.* at 2.)  The court noted that Petitioner's claims were "more properly analyzed under Ariz. R. Crim. P. 32.1(a), that the conviction and sentence were obtained in violation of constitutional rights" and that, under Rule 32.4(a), Petitioner "cannot raise a claim of this nature in an untimely or successive notice of post-conviction relief."  (*Id.*)

### 4.    Fourth Post-Conviction Proceeding

On December 7, 2012, Petitioner filed another petition for post-conviction relief in the trial court alleging that his right to due process was violated by the "prosecution's failure to disclose evidence it intend[ed] to use at trial."[9]  (Doc. 9, Ex. LL at 2.)  On December 14, 2012, the trial court dismissed the petition because it was untimely, and under Rule 32.4(a), because it "failed to state a claim for which relief can be granted in an untimely or successive Rule 32 proceeding."  (Doc. 9, Ex. MM.)

---

[9]  It does not appear that Petitioner filed a notice of post-conviction relief before he filed his petition on December 7, 2012.

### 5.     Fifth Post-Conviction Proceeding

On January 14, 2013, Petitioner filed another petition for post-conviction relief in the trial court, claiming he received ineffective assistance of counsel because his trial counsel failed to make "all discovery material" available to Petitioner, failed to make an opening statement, mistakenly advised him not to testify, was not familiar with Petitioner's case and was unprepared at trial, and did not identify or prevent the admission of undisclosed evidence at trial.[10]  (Doc. 9, Ex. NN, Doc. 9-3 at 91-102.)  On January 25, 2013, the trial court dismissed the petition, finding it untimely and concluding that under Rule 32.4(a) Petitioner's claims could not be raised "in an untimely or successive notice of post-conviction relief."  (Doc. 9, Ex. OO.)

### D.     Federal Petition for Writ of Habeas Corpus

On March 14, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in this Court.  (Doc. 1.)  On June 4, 2013, the Court dismissed the petition with leave to amend. (Doc. 3.) Petitioner filed an Amended Petition for Writ of Habeas Corpus (the Amended Petition) on June 14, 2013.[11]  (Doc. 4.)  Petitioner raises the following four grounds for relief: (1) the state violated Petitioner's Fourteenth Amendment rights to due process and a fair trial by failing to disclose evidence it presented at trial and that the use of this undisclosed evidence violated "the Rules of Criminal Procedure, the Arizona Rules of Court and the state's notice of disclosure provided by the state to [the] defense prior to trial"; (2) the state violated Petitioner's Fourteenth Amendment rights to due process and a fair trial by introducing perjured testimony at trial; (3) the state violated Petitioner's Fourteenth Amendment rights to due process and a fair trial by disregarding "the rules of

---

[10]   It does not appear that Petitioner filed a notice of post-conviction relief before he filed his petition on January 14, 2013.

[11]   At Respondents' request, the Director of the Arizona Department of Corrections (ADOC), Charles Ryan, is substituted for Warden Rider.   The proper respondent in a § 2254 action is "the state officer who has custody" of the petitioner.  *See* Rule 2(a), Rules Governing § 2254 Cases.  In Arizona, the ADOC Director holds "in custody all persons sentenced to the department under the law and shall hold such persons for the term directed by the court, subject to law."   Ariz. Rev. Stat. § 31-201.01(A).   Thus, the proper respondent in this case is ADOC Director Charles Ryan because he is the state officer who has custody of Petitioner.

1    Criminal Procedure, [specifically] Rules of Evidence [and] Rules of Disclosure"; and

2    (4) Petitioner was denied his Sixth Amendment right to the effective assistance of

3    counsel because trial counsel "did not have or make time to mount a proper defense,"

4    "was deficient in his examination and review of discovery material," and was not

5    "familiar with any facts in the case."  In this fourth claim, Petitioner asserts that counsel's

6    "lack of knowledge of [his] case and the Rules of Criminal Procedure" allowed the state

7    to use undisclosed evidence, and made counsel unable "to identify the perjured

8    statements that contradict Grand Jury testimony."  (Doc. 4 at 6-9.)

9    **II.    Claims Not Cognizable on Federal Habeas Corpus Review**

10           Respondents argue that Grounds One and Three in the Amended Petition are not

11   cognizable on federal habeas corpus review because they assert violations of state law.

12   (Doc. 9 at 14.)  In Grounds One and Three, Petitioner asserts that his due process rights

13   were violated based on the state's violation of the Arizona Rules of Criminal Procedure

14   regarding disclosure of evidence and its violation of its notice of disclosure provided to

15   the defense before trial.[12]   (Doc. 4 at 6, 8.)   Petitioner argues that at trial the state

16   presented evidence about an incident with the confidential informant on October 28,

17   2009, and "fifty plus days of investigation" that was not produced to the defense before

18   trial.  (Doc. 4 at 13, 15.)

---

20           [12]  In Grounds One and Three of the Amended Petition, Petitioner asserts that the
21   prosecutor failed to disclose information relating to a transaction with a confidential
     informant and the investigation of Petitioner.  These grounds for relief, however, do not
     assert a violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

22           In his Reply, Petitioner asserts that Rodriguez and other police officers wore
23   "wires" during "every point of the investigation," and recordings were made from these
     wires, but "withheld or discarded because they contained exculpatory evidence."
24   (Doc. 10 at 4.)  The Court need not consider this claim raised for the first time on reply.
     *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328
25   F.3d 1039, 1048 (9th Cir. 2003) ("[t]he district court need not consider arguments raised
     for the first time in a reply brief.")).  Moreover, Petitioner has not described the allegedly
26   exculpatory evidence that he believes was lost in the recordings, and he previously
     complained that the officers' wire transmissions were not recorded (Doc. 9, Ex. E at 5),
27   and Rodriguez and Bellows testified that the transactions were not recorded.  (Doc. 9-2 at
     50, 56, 88-89.)  Therefore any *Brady* claim is conclusory and not sufficient to support
28   habeas corpus relief.  *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (stating
     that conclusory allegations with no reference to the record or other evidence do not
     warrant habeas relief).

1   The habeas statute, 28 U.S.C. § 2254, "unambiguously provides that a federal
2   court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is
3   in custody in violation of the Constitution or laws or treaties of the United States.'"
4   *Wilson v. Corcoran*, 562 U.S. ___, 131 S. Ct. 13, 15 (2010) (per curiam) (quoting 28
5   U.S.C. § 2254(a)).   Accordingly, "[a] habeas petition must allege the petitioner's
6   detention violates the constitution, a federal statute or a treaty." *Franzen v. Brinkman*,
7   877 F.2d 26 (9th Cir. 1989).   "[F]ederal habeas corpus does not lie for errors of state
8   law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764,
9   780 (1990)); *see also Gilmore v. Taylor*, 508 U.S. 333, 349 (1993) (stating that "mere
10  error of state law, one that does not rise to the level of a constitutional violation, may not
11  be corrected on federal habeas.").   A habeas petitioner cannot "transform a state law issue
12  into a federal one by merely asserting a violation of due process." *Poland v. Stewart*, 169
13  F.3d 573, 584 (9th Cir. 1999) (quoting *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.
14  1996)).

15  Because Grounds One and Three assert violations of state rules of criminal
16  procedure they are not cognizable on federal habeas corpus review.   Additionally, even
17  assuming Grounds One and Three properly asserted federal claims that are amenable to
18  § 2254 review, such review is procedurally barred as discussed in Section III(B)(1).

19  **III.   Exhaustion and Procedural Bar**

20  **A.   Limits on Federal Court Review**

21  Ordinarily, a federal court may not grant a petition for writ of habeas corpus
22  unless the petitioner has exhausted available state remedies.   28 U.S.C. § 2254(b).   To
23  exhaust state remedies, a petitioner must afford the state courts the opportunity to rule
24  upon the merits of his federal claims by "fairly presenting" them to the state's "highest"
25  court in a procedurally appropriate manner. [13]   *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

26

27  [13]   In non-capital cases, the "highest court" requirement is satisfied if the petitioner
28  has presented his federal claim to the Arizona Court of Appeals on direct appeal or
through post-conviction proceedings. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33
(D. Ariz. 2007) (discussing *Swoopes* v. *Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court  .  .  .  thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

"A claim has been 'fairly presented' if the petitioner has described both the operative facts and the federal legal theory on which his claim is based." *Baldwin*, 541 U.S. at 33.  A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31-32.  Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights.  *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims.  *See Coleman*, 501 at 731-32.  Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims.  *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).  If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted.  *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985). A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989). "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732. Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim. *See id.* at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *See Reed v. Ross*, 468 U.S. 1, 9 (1984). Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits. *Coleman*, 501 U.S. at 750. Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless

claims regardless of whether the claim was properly exhausted in state court.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

### B.    Procedural Bar Applied to Petitioner's Claims

#### 1.    Grounds One and Three

In Grounds One and Three, Petitioner alleges that the state violated his due process rights by failing to comply with the Arizona Rules of Criminal Procedure regarding the disclosure of evidence.  (Doc. 4 at 6, 8.)  Respondents argue that, assuming Grounds One and Three properly raise federal due process claims, those claims are procedurally barred for two reasons.  First, Respondents argue that Petitioner did not fairly present federal due process claims based on the state's violation of the Arizona Rules of Criminal Procedure to the state courts.  (Doc. 9 at 21.)  Second, Respondents argue that, even assuming Petitioner fairly presented such claims, they are procedurally barred because the state court applied an adequate and independent procedural bar to deny such claims.  (Doc. 9 at 22-23.)

#### a.    Fair Presentation Requirement

Respondents argue that, to the extent that Petitioner raises a federal due process claim in Grounds One and Three, he did not fairly present that federal claim to the state courts because he did not "clearly state the federal basis and federal nature of the claim." (Doc. 9 at 21 (citing *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011).)   In the notices and petitions he filed in his first, second, third, and fourth post-conviction relief proceedings in the trial court, and in his petition for appellate review of the trial court's denial of his first petition for post-conviction relief, Petitioner argued that that the state failed to disclose evidence it used at trial.  (Doc. 9, Exs. W, HH, JJ, LL, BB.)  Petitioner, however, did not identify a federal basis for his claim in any of those state court proceedings.  Rather, he framed that issue as a state law claim, citing the Arizona Rules of Criminal Procedure.  (*Id.*)

1    Petitioner's assertion that he was denied a "fair trial" or that his "constitutional
2    rights" were violated, without more, did not raise a federal claim.  *See Castillo v.*
3    *McFadden*, 399 F.3d 993, 1002 (9th Cir. 2006) (citing *Baldwin*, 541 U.S. at 31-33)
4    (holding that habeas petitioner's citation to constitutional provisions without articulating
5    a federal theory, did not give state appellate court fair opportunity to rule on federal due
6    process claim, and thus did not exhaust that claim).  Because Petitioner did not "fairly
7    present" his federal due process claims to the Arizona Court of Appeals, he did not
8    properly exhaust them.  *See Crowell*, 483 F. Supp. 2d at 931-33.

9    Furthermore, under Arizona's procedural rules, it would be futile for Petitioner to
10   return to the state courts to present his claims asserted in Grounds One and Three.  *See*
11   Ariz.  R. Crim. P. 31.3(a) (a notice of direct appeal must be filed "within 20 days after the
12   entry of judgment and sentence); Ariz. R. Crim. P. 32.2(a) (claims that could have been
13   previously raised on direct appeal or previous post-conviction proceeding are precluded);
14   Ariz. R. Crim. P. 32.4(a) (notice of post-conviction relief must be filed within ninety days
15   after conviction for a pleading defendant and thirty days in all other cases).

16   Because no state remedies are currently available, the claims asserted in Grounds
17   One and Three are technically exhausted, but procedurally defaulted.  *See O'Sullivan v.*
18   *Boerckel*, 526 U.S. 838, 848 (1999) (when a habeas petitioner was time-barred from
19   presenting his claims in state court, his claims were procedurally defaulted); *Coleman*,
20   501 U.S. at 735 n.1 (when a prisoner has failed to exhaust state remedies and is barred by
21   procedural rules from raising the claim, "there is a procedural default for purposes of
22   federal habeas" review); *Teague*, 489 U.S. at 297-99 (finding a claim procedurally
23   defaulted when it "is clear that collateral relief would be unavailable to [the] petitioner" if
24   he returned to the state courts).  As discussed in Section III(D), Petitioner has not
25   established a basis to overcome the procedural bar.

26                    **b.        State Court's Application of a Procedural Bar**

27   Alternatively, assuming Petitioner fairly presented to the state courts the due
28   process claims that he raises in Grounds One and Three, review of those claims is

procedurally barred because the state courts applied an adequate and independent state procedural bar to deny review of those claims.[14]   Petitioner did not raise the claims asserted in Grounds One and Three on direct appeal.  (Doc. 9, Ex. E.)  Rather, he raised these claims for the first time in his first petition for post-conviction relief.  (Doc. 9, Ex. W.)  The trial court found that Rule 32.2 precluded these claims because Petitioner should have raised them on direct appeal.[15]  (Doc. 9, Ex. AA.)

Petitioner sought review of the trial court's decision in the court of appeals. (Doc. 9, Ex. BB.)  The appellate court dismissed the petition for review as untimely. (Doc. 9, Ex. CC.)  The court cited Rule 32.9(c), which provides that a petition for review must be filed within thirty days of the trial court's ruling on the petition for post-conviction relief.  The appellate court's procedural ruling based on Rule 32.9(c) did not depend on federal law or an examination of the merits of Petitioner's claims and, thus, the ruling was "independent" of federal law.  *See Nitschke v. Belleque*, 680 F.3d 1105, 1110 (9th Cir. 2012) (discussing requirement that state procedural rule must rest on an "independent" state law ground).

Additionally, Arizona courts have regularly and consistently followed Rule 32.9(c) by summarily dismissing or denying petitions for review for failure to comply with the rule's requirements.  *See Simmons v. Schriro*, 187 Fed. App'x. 753, 754 (9th Cir. 2006) (holding that Arizona's procedural rules, including its timeliness rules, are "clear" and "well-established"); *Miloni v. Schriro*, 2006 WL 1652578, *5 (D. Ariz. Jun. 7, 2006) (concluding that a procedural ruling based on Rule 32.9(c) is adequate)*; State v. French*, 7 P.3d 128, 131 (Ariz. Ct. App. 2000) (summarily rejecting claims for failure to comply with Rule 32.9), *disapproved of on other grounds by Stewart v. Smith*, 46 P.3d 1067,

---

[14]   Although the state courts did not consider the claims that Petitioner now raises in Grounds One and Three as federal due process claims, they considered Petitioner's claims that the state violated Arizona's Rules of Criminal Procedure by failing to disclose evidence.  (Doc. 9, Exs. AA, CC.)

[15]   Rule 32.2 provides that a defendant is precluded from Rule 32 relief based on any ground "raisable on direct appeal," "[f]inally adjudicated on the merits on appeal or in any previous collateral proceeding," or "[t]hat has been waived at trial, on appeal, or in any previous collateral proceeding."  Rule 32.2(a)(1)-(3).

1071 (Ariz. Ct. App. 2002); *State v. Carriger*, 692 P.2d 991, 995 (Ariz. 1984) (observing that "[p]etitioners must strictly comply with Rule 32 or be denied relief"). The timeliness requirements of Rule 32.9 are firmly established and regularly followed in Arizona.

Therefore, the appellate court's ruling based on Rule 32.9(c) was "adequate."[16] *See Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003) ("To be deemed adequate the state law ground for decision must be well-established and consistently applied."). Because the appellate court applied an independent and adequate state law ground to deny review of the claims that Petitioner presents in Grounds One and Three, federal habeas corpus review of those claims is procedurally barred. *See Beard*, 558 U.S. at 53 (stating that a claim is procedurally barred when a petitioner raised it in state court, but the court found it barred on adequate and independent state procedural grounds).

### 2.    Ground Two

In Ground Two, Petitioner asserts that his "[Fourteenth] [A]mendment rights were violated when the state used perjured testimony at trial." (Doc. 4 at 7.) Respondents argue that federal habeas corpus review of this claim is procedurally barred.[17] (Doc. 9 at 24.) Petitioner did not "fairly present" this federal due process claim to the state courts because he did not "clearly state the federal basis and federal nature of th[is] claim." *See Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011) (stating that "to fairly present a

_____

[16] After the appellate court dismissed his petition for review, Petitioner filed a "motion to allow a late filing for a petition for review," arguing he should be allowed to filed a late petition because the "new petition only contains newly discovered evidence for review." (Doc. 9, Ex. DD.) The appellate court construed the motion as a motion for reconsideration and denied it. The appellate court noted that if Petitioner had a claim of newly discovered evidence, he could raise it in a new petition for post-conviction relief. (Doc. 9, Ex. EE.) A few months later, Petitioner filed another "motion to allow a late filing of a new petition for review." (Doc. 9, Ex. FF.) The appellate court struck the motion, noting it had previously denied a similar motion and the procedural rules did not permit "any further filings in this matter except a petition for review by the Arizona Supreme Court." (Doc. 9, Ex. GG.) Thus, Petitioner did not provide a valid excuse for failing to timely file his petition for review. *See State v. Pope*, 635 P.2d 846, 848-49 (Ariz. 1981).

[17] Respondents alternatively address Ground Two on the merits. (Doc. 9 at 24 n.23.) The Court finds Ground Two procedurally barred and does not address Respondents' merits discussion.

- 16 -

claim, the petitioner must clearly state the federal basis and federal nature of the claim, along with relevant facts.").

Petitioner did not present this claim on direct appeal.  (Doc. 9, Ex. E.)  Rather, in his first petition for post-conviction relief, Petitioner presented a claim of "unconstitutional use by the state of perjured testimony," but did not cite federal law in support of his claim.  (Doc. 9-2 at 10-13.)  Petitioner did not alert the state court to the federal basis of his claim by asserting that the state's use of perjured testimony was "unconstitutional."  *See Castillo*, 399 F.3d at 1002-03.  Additionally, Petitioner did not challenge the state's use of perjured testimony on appeal of the trial court's denial of his petition for post-conviction relief.  (Doc. 9, Ex. BB.)  Accordingly, Petitioner did not "fairly present" his due process claim that he now asserts in Ground Two to the state courts and, thus, did not properly exhaust that claim.  *See Baldwin*, 541 U.S. at 31-32.

As set forth above in addressing Grounds One and Three, under Arizona's procedural rules, it would be futile for Petitioner to return to the state courts to present his claim.  Because no state remedies are currently available, the claim asserted in Ground Two is technically exhausted, but procedurally defaulted and barred from federal habeas corpus review.  *See Coleman*, 501 U.S. at 735 n.1 (when a prisoner has failed to exhaust state remedies and is barred by procedural rules from raising the claim, "there is a procedural default for purposes of federal habeas" review).  As discussed below in Section III(D), Petitioner has not established a basis to overcome the procedural bar.

## C.   Ground Four

In Ground Four, Petitioner asserts that trial counsel was ineffective because he (1) failed to "have or make time to mount a proper defense," (2) failed to adequately examine and review discovery material, (3) failed to familiarize himself with the facts of the case, (4) lacked knowledge of the case and the Arizona Rules of Criminal Procedure, and (5) could not "identify the perjured statements that contradict[ed] the Grand Jury testimony."  (Doc. 4 at 9.)  Liberally construed, Petitioner's first petition for post-conviction relief asserted these claims of ineffective assistance of counsel.  (Doc. 9,

Ex. W.)  However, he did not include any of these claims in his petition for review to the Arizona Court of Appeals.  (Doc. 9, Ex. BB.)  Thus, he did not properly exhaust any of these claims of ineffective assistance of counsel that he now raises in Ground Four of his Amended Petition.  *See Boerckel*, 526 U.S. at 845; *Crowell*, 483 F. Supp. 2d at 931-33.

Any attempt to return to state court to properly exhaust the ineffective assistance of counsel claims asserted in Ground Four would be futile under Arizona's procedural rules.  By failing to properly raise these claims in his petition for review of the denial of his first petition for post-conviction relief, Petitioner waived appellate review of those claims.  *See* Ariz. R. Crim. P. 32.9(c)(1).  Additionally, Petitioner is precluded from bringing a second petition for post-conviction relief asserting a claim that he waived on appeal of his prior post-conviction proceeding.  *See* Ariz. R. Crim. P. 32.2(a)(3).

Furthermore, as the trial court found when Petitioner attempted to raise these claims of ineffective assistance of counsel in his fifth post-conviction proceeding, these claims are also precluded under Rule 32.2(a)(b) because they were "[f]inally adjudicated on the merits" in his first petition for post-conviction relief, and they are time-barred under Rule 32.4(a).  (Doc. 9, Ex. OO.)  The trial court further found that none of these claims fell within any exception to Arizona's preclusion and time-bar rules.  (*Id.*); *see* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(b), 32.4(a).  Accordingly, federal habeas corpus review of Petitioner's claims of ineffective assistance asserted in Ground Four is procedurally barred.  *See Boerckel*, 526 U.S. at 848.  As set forth below in Section III(D), Petitioner has not established a basis to overcome the procedural bar.

**D.    Cause and Prejudice and Fundamental Miscarriage of Justice**

Petitioner's claims asserted in Grounds One, Two, Three, and Four are procedurally barred and not subject to federal habeas corpus review unless Petitioner can show "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar.  *See Coleman*, 501 U.S. at 749-50; *Teague*, 489 U.S. at 297-98.

To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules.

*Teague*, 489 U.S. at 298.   A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause.   *Murray v. Carrier*, 477 U.S. 478, 488 (1986).   "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).   To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."   *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations.  *Smith v. Murray*, 477 U.S. 527, 533 (1986).

In his Reply, Petitioner argues that the state's assertion of a procedural bar "is a joke" because he has "filed the right papers supplied by the court," "checked the right boxes and made explanations as to how [his] case was affected."   (Doc. 10 at 8.) Petitioner's use of the state courts' forms to present his claims does not constitute cause to excuse the procedural bar.   The courts' forms did not dictate or limit the claims that Petitioner could assert or when Petitioner could assert his claims.   (Doc. 9, Exs. W, BB, HH, JJ, LL, NN.)   Rather, Petitioner chose how to articulate his claims and when to present them to the state courts.

To the extent that Petitioner argues "cause" based on his lack of legal knowledge and limited access to legal materials as an inmate, his arguments do not entitle him to relief.   A petitioner's lack of legal knowledge, status as an inmate, and limited legal resources do not constitute cause to excuse the procedural bar.  *See Hughes v. Idaho State Bd. of Corrs.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance was not cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause).

1    Because Petitioner offers no legitimate "cause" that precluded him from properly
2    exhausting his state remedies, the Court does not address whether he suffered prejudice.
3    *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Smith*, 477 U.S. at 533 (when
4    petitioner fails to establish cause for his procedural default, the court need not consider
5    whether he has shown actual prejudice resulting from the alleged violation).

6    To establish a fundamental miscarriage of justice to overcome the procedural bar,
7    a petitioner must present "new reliable evidence — whether it be exculpatory scientific
8    evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not
9    presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner bears the
10   burden of demonstrating that "in light of all the evidence, including evidence not
11   introduced at trial, it is more likely than not that no reasonable juror would have found
12   [him] guilty beyond a reasonable doubt." *Id.* at 327; *see also House v. Bell*, 547 U.S.
13   518, 539 (2006). Petitioner does not argue that failure to consider his claims will result in
14   a fundamental miscarriage of justice and has not presented new reliable evidence that
15   satisfies the *Schlup* standard.

16   **IV.    Conclusion**

17   Because Petitioner's claims are procedurally barred, the Amended Petition should
18   be denied and dismissed.

19   Accordingly,

20   **IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus
21   (Doc. 4) be **denied and dismissed**.

22   **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and
23   leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the
24   Amended Petition is justified by a plain procedural bar and reasonable jurists would not
25   find the procedural ruling debatable.

26   This recommendation is not an order that is immediately appealable to the Ninth
27   Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate
28   Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The

1    parties have fourteen days from the date of service of a copy of this recommendation

2    within which to file specific written objections with the Court.  *See* 28

3    U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days

4    within which to file a response to the objections.  Failure to file timely objections to the

5    Magistrate Judge's Report and Recommendation may result in the District Court's

6    acceptance of the Report and Recommendation without further review.  *See United States*

7    *v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to

8    any factual determination of the Magistrate Judge may be considered a waiver of a

9    party's right to appellate review of the findings of fact in an order or judgment entered

10   pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

11        Dated this 1st day of April, 2014.

14   _____
15        Bridget S. Bade
16        United States Magistrate Judge